**FILED**
FEB 10 2015
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2014 NOV -6 PM 3: 21

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INDICTMENT NO. |
| | ) | Vio: 18 U.S.C. § 1349 |
| v. | ) | *Wire Fraud Conspiracy* |
| | ) | 18 U.S.C. § 1343 |
| JOSEPH DEAN GARCIA | ) | |
| aka Joseph Paglia | ) | *Wire Fraud* |
| aka Joseph William Garcia | ) | |
| aka Joseph William Davenport | ) | Forfeiture Allegation |
| and | ) | |
| KAREN KAY RANSOM | ) | |
| aka Nicole Ann Deveroe | ) | |
| aka Nicole Paglia | ) | |
| aka Karen Lunsford | ) | |

CR614-027

Case: 1:15-mj-0076
Assigned To : Magistrate Judge Alan Kay
Assign. Date : 02/10/2015
Description: Arrest Warrant Removal

Count One
*Wire Fraud Conspiracy*

THE GRAND JURY CHARGES THAT:

Introduction

1. Omega Corporate Strategies, LLC dba Omega Capital Consultants (Omega) purported to be a company based in Houston, Texas, in the business of offering investment opportunities.

2. JOSEPH DEAN GARCIA aka Joseph Paglia aka Joseph William Garcia aka Joseph William Davenport and KAREN KAY RANSOM aka Nicole Ann Deveroe aka Nicole Paglia aka Karen Lunsford established and operated Omega.

Conspiracy

3. Beginning at a time prior to 2009 and continuing until the return of this Indictment, in the Southern District of Georgia and elsewhere, the defendants, JOSEPH DEAN GARCIA aka Joseph Paglia aka Joseph William Garcia aka Joseph William Davenport and KAREN KAY RANSOM aka Nicole Ann Deveroe aka Nicole Paglia aka Karen Lunsford, did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the grand jury, to commit Wire Fraud, that is, to devise and intend to devise a scheme and artifice to defraud and to

obtain and attempt to obtain money and property from individuals in Georgia, Florida, California, and elsewhere, by means of materially false and fraudulent pretenses, representations, promises, and omissions, and for the purpose of executing such, to transmit and cause to be transmitted writings, signs, signals, pictures, and sounds by means of wire communication in interstate commerce, in violation of Title 18, United States Code, Section 1343.

## Manner and Means

4. It was part of the conspiracy and scheme and artifice that the defendants and their co-conspirators would and did unlawfully devise and execute a scheme and artifice to defraud investors, and representatives of investors, of money and property by means of materially false and fraudulent pretenses, representations and promises.

5. It was further part of the conspiracy and scheme and artifice that the defendants and their co-conspirators would obtain money, and attempt to obtain money, from individuals and others through investments offered in connection with Omega.

6. It was further part of the conspiracy and scheme and artifice that the defendants and their co-conspirators would solicit individuals, and representatives of those individuals, to invest with Omega by means of false and fraudulent pretenses, representations and promises that related to material facts, including, but not limited to, the following:

   a. False claims that money invested with Omega would be invested in a Private Placement Program – a select group of individuals in a large volume capital investment - and used to secure a lease on a $10,000,000.00 (ten million) bank guarantee from prominent financial institutions;

   b. False claims that each investor's $10,000.000.00 (ten million) bank guarantee would be packaged together with other investors' money and used to secure a $100,0000,000.00 (one hundred million) investment position in the PPP;

2

c. False claims that for an initial investment of $30,000.00, an investor would obtain a bank guarantee of 300 times the amount invested;

d. False claims that money invested with Omega was not at risk and was secure;

7. It was further part of the conspiracy that the defendants and their co-conspirators would never make any investments as offered and would use the money that had been invested with Omega for purposes other than what had been represented to investors and their representatives.

8. It was further part of the conspiracy that the defendants and their co-conspirators would use portions of the money that was obtained as a result of devising and executing the scheme to defraud investors with Omega for their own personal use.

9. It was further part of the conspiracy that the defendants and their co-conspirators would direct and instruct investors to wire transfer funds to Omega's Bank of America account in Houston, Texas.

10. It was further part of the conspiracy that the defendants and their co-conspirators would solicit investors through various means of wire communication, including, but not limited to, e-mail.

All in violation of Title 18, United States Code, Section 1349.

## Counts Two through Three
*Wire Fraud*

THE GRAND JURY FURTHER CHARGES THAT:

11. The allegations contained in paragraphs 1 and 2 of Count One of this Indictment are hereby realleged and incorporated herein by reference.

12. Beginning at a time prior to 2009 and continuing until the return of this Indictment, the exact dates being unknown, in the Southern District of Georgia and elsewhere, the defendants, JOSEPH DEAN GARCIA aka Joseph Paglia aka Joseph William Garcia aka Joseph William Davenport and KAREN KAY RANSOM aka Nicole Ann Deveroe aka Nicole Paglia aka Karen

3

Lunsford, aided and abetted by others, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to obtain and attempt to obtain money and property from individuals in Georgia and elsewhere by means of materially false and fraudulent pretenses, representations, promises, and omissions.

## Manner and Means

13. The substance of the scheme and artifice and its manner and means are set forth in paragraphs 3 through 10 of Count One of this Indictment, the allegations of which are repeated and realleged as if fully set forth herein.

## Wires

14. On or about the dates listed below, in the Southern District of Georgia and elsewhere, the defendants, JOSEPH DEAN GARCIA aka Joseph Paglia aka Joseph William Garcia aka Joseph William Davenport and KAREN KAY RANSOM aka Nicole Ann Deveroe aka Nicole Paglia aka Karen Lunsford, aided and abetted by others, for the purpose of executing, and attempting to execute, the scheme and artifice, did transmit and cause to be transmitted, by means of a wire communication in interstate and foreign commerce, the following described writings, signs, signals, pictures, and sounds:

| COUNT | DATE | VICTIM'S INITIALS | DESCRIPTION |
|---|---|---|---|
| 2 | 12/17/09 | R.R. | $30,000 investment wired from Georgia to a Bank of America account in Houston, TX |
| 3 | 12/18/09 | R.N. | $30,000 investment wired from Georgia to a Bank of America account in Houston, TX |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. Section 981(a)(1)(C) and 28 U.S.C. Section 2461(c).

2. Upon conviction of Counts 1 through 3 of this Indictment, the named defendants shall forfeit to the United States of America pursuant to 18 U.S.C. Section 981(a)(1)(C) and 28 U.S.C. Section 2461(c), all their interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations, including, but not limited to, a money judgment for the amount of proceeds obtained by the defendants as a result of the violations alleged in Counts 1 through 3 of the Indictment.

3. If any property subject to forfeiture as a result of any act or omission of the Defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. Section 853(p), as incorporated by 28 U.S.C. Section 2461(c).

A True Bill.

_____
Foreperson

*(Signatures on following page)*

(*United States v. Paglia, et al. – Indictment Signature Page*)

_____
Edward J. Tarver
United States Attorney

*[signature]*

_____
Brian T. Rafferty
Assistant United States Attorney
Chief, Criminal Division

*[signature]*

_____
Lamont A. Belk
Assistant United States Attorney
*Lead Counsel*

_____
James D. Durham
First Assistant United States Attorney

_____
Nancy C. Greenwood
Assistant United States Attorney
Deputy Chief, Criminal Division

6

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. Section 981(a)(1)(C) and 28 U.S.C. Section 2461(c).

2. Upon conviction of Counts 1 through 3 of this Indictment, the named defendants shall forfeit to the United States of America pursuant to 18 U.S.C. Section 981(a)(1)(C) and 28 U.S.C. Section 2461(c), all their interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations, including, but not limited to, a money judgment for the amount of proceeds obtained by the defendants as a result of the violations alleged in Counts 1 through 3 of the Indictment.

3. If any property subject to forfeiture as a result of any act or omission of the Defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. Section 853(p), as incorporated by 28 U.S.C. Section 2461(c).

A True Bill.

_____
Foreperson

*(Signatures on following page)*